UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANONYMOUS <br><br> Plaintiff, <br><br> -against- <br><br> ANONYMOUS <br><br> Defendant. | No. <br><br><br> COMPLAINT <br><br><br> Plaintiff Demands a Trial by Jury |

Plaintiff, who is proceeding under the pseudonym "Anonymous" (hereinafter referred to as "Plaintiff"), by and through her attorneys, LEVINE & BLIT, PLLC, complaining of Defendant who is proceeding under the pseudonym "Anonymous" (hereinafter referred to as "Defendant") hereby alleges:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant for recovery of damages causally related and attributed to Defendant's negligence, negligence per se, gross negligence, and fraud.

2. Plaintiff seeks legal relief, as a result of Defendant's unlawful conduct, in the following form: past and future medical and incidental expenses in an amount to be proven at trial; compensatory damages for pain and suffering, emotional distress, mental anguish, humiliation, and embarrassment; punitive damages; interest on such damages as allowed by law; and such other and further relief as the Court deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. The amount in controversy exceeds $75,000.

## THE PARTIES

6. Plaintiff is a resident of Fairfield County in the State of Connecticut.

7. Defendant is a resident of Westchester County in the State of New York.

## FACTUAL ALLEGATIONS

8. Plaintiff and Defendant first met on or about August 5, 2022.

9. On or about October 6, 2022, Plaintiff and Defendant began a sexual relationship.

10. Prior to engaging in a sexual relationship with Defendant, Plaintiff asked Defendant if he had any sexually transmitted diseases ("STD's").

11. Plaintiff answered that he was not infected with any STD's.

12. Prior to engaging in a sexual relationship with Plaintiff, Defendant knew or should have known that he was infected with a sexually transmitted disease.

13. After a romantic encounter in New York, New York, in or around early November, 2022, Plaintiff developed symptoms of an STD, namely vaginal lesions and flu-like symptoms. Upon information and belief, Defendant may have been suffering from an HSV-2 outbreak at the time.

14. Plaintiff immediately went to a doctor on or about November 13, 2022. She initially tested negative for STD's on a blood test. However, she tested positive for the Herpes Simplex Virus (HSV), also known as genital herpes, a Sexually Transmitted Disease, when the lesions themselves were tested. Upon information and belief, that indicates that the infection was very recent as there was not yet sufficient HSV antibodies in her blood to test positive for the disease at the time of initial testing.

15. On or around November 15, 2022, Plaintiff communicated with Defendant via text message and confronted him with her HSV diagnoses.

16. Defendant admitted to being infected with HSV.

17. Defendant said "Im so sorry [Plaintiff]. I promise it's not actually a big deal. It's almost like I forgot. I feel terrible because I know how big of a deal it seems Im so sorry." He went on to say "The evidence I had that there wasn't any real risk was obviously wrong and that's on me and you're paying the price for it. I take full accountability and understand if you don't want anything to do with me anymore."

18. Plaintiff told Defendant that "if it's not the end of the world like you say, then you should man up and be upfront about it." To which Defendant responded "I'm not going to attempt to push back on that. You're right. I've been a bad person for not consistently taking that approach. I'm not currently having sex with anyone else, but if I were (and if I do – which I gather that's probably where this is headed) I'll lay it on the table and live with the consequences."

19. In an attempt to justify his behavior, Defendant said "the reality is that 60% of sexually actively adults have this shit. And even though I clearly made a gross miscalculation, I was mindful about this and didn't think there was any shot it could happen. I still take accountability. But pretty much no one actually brings this shit up."

20. Plaintiff did not have any other sexual partners during the course of her relationship with Defendant.

21. Prior to engaging in a sexual relationship with Plaintiff, Defendant knowingly failed to disclose to Plaintiff that he had a sexually transmitted disease.

22. During said period that Defendant was engaged in a sexual relationship with Plaintiff, Defendant knew or should have known of the inherent dangers of engaging in sexual

activity with Plaintiff, yet nonetheless engaged in said sexual activity without regard to the health and safety of Plaintiff.

23. Had Plaintiff known that Defendant was infected with a sexually transmitted disease, she would not have engaged in a sexual relationship with Defendant.

24. Prior to the transmission of the HSV from Defendant to Plaintiff, Plaintiff was not and had never been infected with genital herpes.

25. According to the Centers for Disease Control and Prevention, HSV is a virus that is transmitted through sexual intercourse. The infection can cause severe discomfort during intercourse and urination, fever and other flu-like symptoms, painful sores and lesions, and substantial lower abdominal pain.

26. Plaintiff suffered and continues to suffer severe and extreme emotional distress as a result of Defendant's non-disclosure of his known case of HSV. Furthermore, Plaintiff suffers from an auto-immune disease which makes outbreaks more frequent and more painful.

27. Plaintiff suffered and continues to suffer from severe and extreme emotional distress, depression, and anxiety as a result of Defendant's transmission of a sexually transmitted disease.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT
**(Negligence)**

28. Plaintiff hereby, repeats, realleges, and incorporates by reference each of the foregoing allegations as if fully set forth herein.

29. Defendant owed to Plaintiff a duty to speak concerning his known infection with HSV, and to provide her with the same knowledge of his condition prior to engaging in sexual activity with Plaintiff.

30. At no time prior to first engaging in sexual intercourse with Plaintiff did Defendant perform his duty to speak by informing Plaintiff that he had been infected with HSV and could infect her as well by engaging in sexual activity.

31. Defendant breached his duty owed to Plaintiff by engaging in sexual activity with Plaintiff without disclosing the fact that he was infected with the genital herpes virus.

32. Defendant's breach of duty directly caused injury to Plaintiff's person, resulting in Plaintiff's contraction of HSV and its accompanying symptoms.

33. Defendant negligently inflicted injury upon Plaintiff by, among other things, having sexual intercourse with Plaintiff at a time when Defendant knew or, in the exercise of reasonable care, should have known that he was infected with a sexually transmitted disease.

34. By reason of Defendant's aforesaid conduct, and as a direct and proximate result thereof, Plaintiff contracted HSV, causing Plaintiff to become sick and to suffer emotional distress.

35. Plaintiff is informed and believes, and on the basis of such information and belief, alleges that the need for care and treatment of health care practitioners will continue in to the future and for the remainder of her life.

36. Defendant acted intentionally with malice or with wanton disregard for Plaintiff's safety and well-being, which amounts to such gross misconduct, willful fraud and deceit, and malicious wrongdoing as to involve a high degree of moral culpability making it appropriate to impose punitive damages to deter defendant from engaging in similar future conduct.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT
### (Negligence Per Se)

37. Plaintiff hereby, repeats, realleges, and incorporates by reference each of the foregoing allegations as if fully set forth herein.

38. As a result of Defendant's unlawful conduct alleged above, Defendant violated New York Public Health Law § 2307, which states that "Any person who, knowing himself or herself to be infected with an infectious venereal disease, has sexual intercourse with another shall be guilty of a misdemeanor."

39. As a person who was not infected with a venereal disease prior to his interaction with Defendant, Plaintiff was a member of the class of persons that New York Public Health Law § 2307 was enacted to protect.

40. As a result of Defendant's violation of New York Public Health Law § 2307, Plaintiff suffered an injury that the statute was enacted to prevent; namely, the knowing exposure and transmission of venereal diseases by infected persons to uninfected persons.

41. Defendant has no legally recognized excuse for his violation of New York Public Health Law § 2307.

42. As such, Defendant owed a duty to Plaintiff that was prescribed by New York Public Health Law § 2307, which he knowingly breached.

43. Defendant's breach of his duty directly caused Plaintiff's injury described above.

44. By reason of Defendant's aforesaid conduct, and as a direct and proximate result thereof, Plaintiff contracted HSV causing Plaintiff to become sick and to suffer severe physical pain and emotional distress.

45. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the need for such care and treatment of health care practitioners will continue into the future and for the remainder of her life.

46. Defendant acted intentionally with malice or with wanton disregard of Plaintiff's safety and well-being, which amounts to such gross misconduct, willful fraud and deceit, and

malicious wrongdoing as to involve a high degree of moral culpability making it appropriate to impose punitive damages to deter defendants from engaging in similar future conduct.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT
(Gross Negligence)

47. Plaintiff hereby, repeats, realleges, and incorporates by reference each of the foregoing allegations as if fully set forth herein.

48. Defendant's unlawful conduct, as alleged above, was intentional, in reckless disregard of, or in complete indifference to the rights of Plaintiff to be free from physical and emotional harm, thereby constituting gross negligence.

49. By reason of Defendant's aforesaid conduct, and as a direct and proximate result thereof, Plaintiff contracted genital herpes causing Plaintiff to become sick and to suffer emotional distress.

50. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the need for such care and treatment of health care practitioners will continue in to the future and for the remainder of her life.

51. Defendant acted intentionally with malice or with wanton disregard of Plaintiff's safety and well-being, which amounts to such gross misconduct, willful fraud and deceit, and malicious wrongdoing as to involve a high degree of moral culpability making it appropriate to impose punitive damages to deter defendant from engaging in similar future conduct.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANT
(Fraud)

52. Plaintiff hereby repeats, realleges, and incorporates by reference each of the foregoing allegations as if fully set forth herein.

53. Throughout the course of their relationship, Defendant made a material misrepresentation and/or omission when he failed to inform Plaintiff that he was infected with HSV prior to engaging in sexual activity with Plaintiff.

54. This misrepresentation and/or omission by Defendant, as alleged above, was known to be false by Defendant at the time made and at all times thereafter, as Defendant knew he had HSV.

55. This misrepresentation and/or omission by Defendant, as alleged above, was made for the purpose of inducing Plaintiff to engage in sexual activity with Defendant.

56. Plaintiff justifiably relied upon Defendant's misrepresentation and/or omission that was made and, as such, Defendant held a position of trust.

57. As a result of Plaintiff's justifiable reliance upon Defendant's misrepresentation and/or omission, Plaintiff suffered injury when he contracted HSV from Defendant.

58. Had Plaintiff known that Defendant's aforementioned misrepresentation and/or omission was false, Plaintiff would not have engaged in sexual relations with Defendant.

59. By reason of Defendant's aforesaid conduct, and as a direct and proximate result thereof, Plaintiff contracted HSV, became sick, and suffered emotional distress.

60. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the need for such care and treatment of health care practitioners will continue into the future for the remainder of her life.

61. Defendant acted intentionally with malice or with wanton disregard of Plaintiff's safety and well-being, which amounts to such gross misconduct, willful fraud and deceit, and malicious wrongdoing as to involve a high degree of moral culpability making it appropriate to impose punitive damages to deter defendants from engaging in similar future conduct.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

a. An Order awarding monetary damages to Plaintiff for past and future medical expenses resulting from Defendant's tortious conduct in an amount to be proven at trial;

b. An Order awarding monetary damages to Plaintiff for past and future incidental expenses resulting from Defendant's tortious conduct in an amount to be proven at trial;

c. An Order awarding monetary damages compensating Plaintiff for her pain and suffering; severe emotional distress; mental anguish; embarrassment and humiliation; and loss of enjoyment of life resulting from Defendant's tortious conduct in an amount to be proven at trial;

d. An Order awarding punitive damages to Plaintiff in an amount to be determined by the jury at trial;

e. An Order awarding pre-judgment and post-judgment interest on all amounts awarded to the fullest extent of the law; and

f. Any such other and further relief this Court deems just and equitable.

Dated: March 15, 2023
New York, New York                                                    LEVINE & BLIT, PLLC


/s/ Matthew J. Blit
Matthew J. Blit, Esq.
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 4020
New York, New York 10118
Phone: (212) 967-3000
mblit@levineblit.com